IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| REGENE BRANTLEY-REED, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN REED,<br><br>PLAINTIFF,<br><br>VS.<br><br>PATSY ROBERTS, IN HER INDIVIDUAL CAPACITY; RICKY COX, IN HIS INDIVIDUAL CAPACITY; AND HENRY PACE, IN HIS INDIVIDUAL CAPACITY,<br><br>DEFENDANTS. | COMPLAINT<br><br>C/A NO: 2:25-cv-80 |

Plaintiff, Regene Brantley-Reed, individually and as Personal Representative of the Estate of John Reed, by and through her undersigned counsel of record, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Patsy Roberts, Ricky Cox, and Henry Pace, in their individual capacities, for the death of John Reed at the Macon County Jail (hereinafter "the Jail") on October 22, 2024.

## PARTIES

1. Plaintiff Regene Brantley-Reed ("Plaintiff"), Decedent John Reed's wife, is a citizen and resident of the State of Alabama, and was appointed Personal Representative of the Estate of John Reed on December 20, 2024, by order of the Bullock County Probate Court, Case Number 2024-062.

2. At all times relevant to this Complaint, decedent John Reed ("Decedent Reed" "Decedent") was 72 years old and a resident of Bullock County, Alabama.

3. Upon information and belief, Defendant Patsy Roberts ("Defendant Roberts") is a citizen of Alabama and resides in Macon County, Alabama, and was employed as a Macon County Sheriff's Deputy and detention officer at the Jail and was acting under color of state law at all times relevant to this Complaint. She is being sued in her individual capacity.

4. Upon information and belief, Defendant Ricky Cox ("Defendant Cox") is a citizen of Alabama and resides in Macon County, Alabama, and was employed as a Macon County Sheriff's Deputy and detention officer at the Jail and was acting under color of state law at all times relevant to this Complaint. He is being sued in his individual capacity.

5. Upon information and belief, Defendant Henry Pace ("Defendant Pace") is a citizen of Alabama and resides in Macon County, Alabama, and was employed as a Macon County Sheriff's Deputy and detention officer at the Jail and was acting under color of state law at all times relevant to this Complaint. He is being sued in his individual capacity

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the federal claims against Defendants pursuant to 18 U.S.C. § 1331 because those claims arise under federal law, 42 U.S.C. § 1983.

7. This Court further has personal jurisdiction over all Defendants as they reside in this District and their acts and/or omissions complained of occurred within this District.

8. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b)(1) & (2), as most of the Defendants reside in Macon County, Alabama and the acts or omissions complained of occurred within Macon County, Alabama.

## FACTUAL ALLEGATIONS

9. On October 21, 2024, Decedent Reed was arrested for suspected DUI and booked into the Jail.

10. The Jail is located in Tuskegee, Macon County, Alabama, and is operated by the Macon County Sheriff's Department.

11. That same night, Plaintiff, Decedent's wife, received a phone call informing her that Decedent had been arrested.

12. Plaintiff called the Jail and was told that she could pick Decedent up on the morning of Tuesday, October 22, 2024.

13. Around 8:00 a.m. on October 22, 2024, Decedent Reed called Plaintiff asking for her to bail him out and indicating that his bond was $285.

14. At some point thereafter, Decedent Reed was then placed in a holding cell.

15. Notably, Decedent Reed was a 72-year-old military veteran who walked with a cane, used a motorized wheelchair, and required 24-hour oxygen due to chronic COPD.

16. However, Decedent Reed was not placed in any type of protective custody or placed under medical supervision.

17. Rather, on October 22, 2024, Decedent Reed was placed in a holding cell with Daniel Pollard, III.

18. Pollard was a 24-year-old convicted-felon with a history of violent crime. Pollard was initially arrested in 2018 on charges of first-degree robbery and attempted murder. He was released on bond in 2019 but his bond was revoked after he was charged with third-degree burglary, second-degree theft, and attempting to elude police. Pollard was also charged in 2019 and 2020

after attempting to escape the Jail, with one such attempt involving the use of force or threatened of force against a deputy.

19.  Pollard was convicted of attempted murder in March 2022 and was serving a 20-year sentence.

20.  Upon information and belief, Defendant Roberts, Defendant Cox, and Defendant Pace were on duty on October 22, 2024, and were responsible for supervising the holding cell, Decedent Reed, and Pollard.

21.  However, upon information and belief, Defendant Roberts, Defendant Cox, and Defendant Pace were not supervising the holding cell, Decedent Reed, or Pollard.

22.  At some point on the morning of October 22, 2024, Pollard began to threaten and beat Decedent Reed.

23.  Decedent Reed began shouting for assistance from Defendant Roberts, Defendant Cox, and Defendant Pace but they did not respond.

24.  Eventually, a trustee at the jail heard Decedent Reed's pleas for assistance and alerted Defendant Pace and other Macon County Sheriff's Deputies, whose identities are unknown to Plaintiff at this time.

25.  Upon information and belief, Defendant Cox, Defendant Roberts, Defendant Pace and other Macon County Sheriff's Deputies entered the holding area and observed that Decedent Reed had been assaulted by Pollard. Decedent Reed begged for assistance from the Jail staff, yet they failed to intervene or de-escalate the violent situation. Despite his visible injuries, the Jailers failed to provide medical assistance to Decedent Reed at that time. The jailers exited, leaving Decedent Reed in the holding cell with Pollard.

26. Plaintiff and Decedent's mother arrived at the jail around 8:45 a.m. on October 22, 2024, intending to bail Decedent out, but they were told they had to wait for the bondsman.

27. Around 9:30 a.m., Pollard resumed his attack on Decedent Reed in the holding cell, repeatedly hitting and kicking Decedent in the head, ultimately killing him.

28. Defendants had knowledge of Pollard's prior attack on Decedent Reed earlier that morning, yet failed to act.

29. Because no one was supervising the holding cell, Decedent Reed, or Pollard, there was no one to prevent the attacks or intervene when Pollard attacked Decedent. Notably, Decedent was beaten so viciously that Plaintiff was told she would not recognize him.

30. Around 9:45 a.m., Plaintiff and Decedent's mother went back inside the jail to inquire about bailing Decedent out, but they were again told that the bondsman had not arrived.

31. At this point, no one told Plaintiff or Decedent's mother that there had been an incident involving Decedent.

32. Upon information and belief, despite having knowledge of Pollard's attack on Decedent earlier that morning, the Jail staff failed to supervise the holding cell, Decedent, and or Pollard.

33. Upon information and belief, no one was present to immediately administer medical aid to Decedent because no one was supervising the holding cell, Decedent, and or Pollard.

34. Around 10:30 a.m., Plaintiff was alerted to an emergency at the jail by the arrival of an ambulance, firetrucks, and police cars.

35. Plaintiff thereafter went back inside the jail to ask if the bondsman had arrived and was told that Macon County Sheriff Andre Brunson wanted to speak with her. At that point, Plaintiff was informed that Decedent had been killed in the jail.

36. Plaintiff thereafter remained at the jail until roughly 3:00 p.m. demanding to see Decedent, but was ultimately not allowed to do so.

## FOR A FIRST CAUSE OF ACTION
### (Unconstitutional Conditions of Confinement in Violation of the Fourteenth Amendment)
*(against Defendant Roberts, Defendant Cox, and Defendant Pace)*

37. Plaintiff repeats and realleges the factual allegations contained in Paragraphs 9–36 as if fully restated herein.

38. This is an action brought against Defendant Roberts, Defendant Cox, and Defendant Pace in their individual capacities, pursuant to the Fourteenth Amendment to the United States Constitution, for Defendants' violations of 42 U.S.C. § 1983.

39. Defendant Roberts, Defendant Cox, and Defendant Pace have an affirmative duty to provide for the basic needs of persons, including safety and treatment for serious medical needs to individuals in their custody and care, including Plaintiff.

40. Upon information and belief, Defendant Roberts, Defendant Cox, and Defendant Pace had knowledge of a significant number of instances of violence within the Jail, including beatings, and still failed to take efforts to ensure Decedent's safety.

41. Defendant Roberts, Defendant Cox, and Defendant Pace additionally had knowledge that Decedent was a 72-year-old, medically fragile man and that Pollard was a 24-year-old felon with a history of violent crime, and they still failed to take efforts to ensure Decedent's safety.

42. Moreover, Defendant Roberts, Defendant Cox, and Defendant Pace were aware that Pollard had attacked Decedent around 9:00 a.m. on October 22, 2024, and they still failed to act or intervene, ultimately ignoring Decedent's injuries and pleas for assistance and failing to take any efforts to ensure Decedent's safety.

6

43. Around 9:30 a.m. on October 22, 2024, Pollard resumed his violent attack on Decedent. Pollard brutally beat and killed Decedent in the holding cell.

44. Because the holding cell, Decedent, and Pollard were unsupervised, there was no one to intervene as Pollard savagely beat Decedent to death, and Pollard was able to beat Decedent to a point where Plaintiff was told she would not recognize him.

45. The conduct and actions of Defendant Roberts, Defendant Cox, and Defendant Pace, acting under color of state law, in failing to place Decedent in protective custody or under medical supervision, placing Decedent in a holding cell with a violent felon, failing to supervise the holding cell, Decedent, or Pollard, failing to remove Decedent and/or Pollard from the holding cell after the initial attack, failing to reasonably protect Decedent from attack, allowing Decedent to be attacked, and failing to intervene as Decedent was brutally beaten to death were unreasonable, were done intentionally, willfully, maliciously, and with deliberate indifference and/or reckless disregard for Decedent's basic human needs, and caused needless injury, suffering, and death.

46. Defendant Roberts, Defendant Cox, and Defendant Pace's conduct was objectively and subjectively unreasonable.

47. Defendant Roberts, Defendant Cox, and Defendant Pace's deliberate indifference was the cause in fact and proximate cause of Plaintiff's injuries.

48. These failures constitute violations of Plaintiff's substantive due process rights guaranteed under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

49. Defendant Roberts, Defendant Cox, and Defendant Pace are liable to Plaintiff for this deprivation of rights.

7

## FOR A SECOND CAUSE OF ACTION
### (Deliberate Indifference to Serious Medical Needs in Violation of the Fourteenth Amendment)
*(against Defendant Roberts, Defendant Cox, and Defendant Pace)*

50. Plaintiff repeats and realleges the factual allegations contained in Paragraphs 9–36 as if fully restated herein.

51. This action is brought against Defendant Roberts, Defendant Cox, and Defendant Pace in their individual capacities, pursuant to the Fourteenth Amendment to the United States Constitution, for Defendants' violations of 42 U.S.C. § 1983.

52. Defendant Roberts, Defendant Cox, and Defendant Pace had an affirmative duty to provide Plaintiff with adequate medical care for serious medical needs during his confinement.

53. The facts as stated in the above-referenced paragraphs demonstrate a deliberate indifference to Plaintiff's serious medical needs in violation of the Fourteenth Amendment.

54. Defendant Roberts, Defendant Cox, and Defendant Pace were responsible for supervising the holding cell and Decedent Reed, who was a medically fragile 72-year-old man.

55. However, Defendants were not supervising the holding cell or Decedent Reed at the time he was initially attacked.

56. After Defendant Roberts, Defendant Cox, and Defendant Pace were alerted to the initial incident by a trustee, they returned to the holding cell but failed to provide Decedent with any medical attention despite his visible injuries.

57. Defendants were similarly not supervising the holding cell or Decedent Reed when he was attacked a second time by Pollard, despite the pleas for assistance from Decedent following the initial attack.

58. Because no one was supervising the holding cell or Decedent, there was no one to immediately provide Decedent with medical aid after he was brutally beaten by Pollard.

59. Moreover, upon information and belief, Decedent's fatal injuries were not discovered until roughly one (1) hour after he was attacked.

60. The conduct and actions of Defendant Roberts, Defendant Cox, and Defendant Pace, acting under color of state law, in failing to provide Plaintiff access to adequate medical care for serious medical needs were unreasonable, were done intentionally, willfully, maliciously, and with deliberate indifference and/or reckless disregard for Plaintiff's basic human needs, and caused needless injury, pain and suffering, and death.

61. Defendant Roberts, Defendant Cox, and Defendant Pace's conduct was objectively and subjectively unreasonable.

62. Defendant Roberts, Defendant Cox, and Defendant Pace's deliberate indifference was the cause in fact and proximate cause of Plaintiff's injuries.

63. Defendant Roberts, Defendant Cox, and Defendant Pace's deliberate indifference to Plaintiff's serious medical needs constitutes a violation of Plaintiff's substantive due process rights guaranteed under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

64. Defendant Roberts, Defendant Cox, and Defendant Pace are liable to Plaintiff for this deprivation of rights.

## **JURY DEMAND**

**WHEREFORE**, Plaintiff demands a trial by jury and respectfully requests that this Court award the following damages, jointly and severally against Defendants, as provided by federal law and the United States Constitution, including but not limited to the following:

    a. Compensatory, actual and consequential damages to Plaintiff;

    b. Costs of this action and attorneys' fees to Plaintiff under 42 U.S.C. § 1988;

    c. Loss of past and future support and services with interest;

    d. Punitive damages;

    e. Loss to Plaintiff of familial relationship with John Reed, love, companionship, comfort, support, society, care, and the mental pain and suffering from the past date of injury through the future, compensation for medical bills as a result of psychological and physical injury, as a result of the death of John Reed; and

    f. Any and all other and further relief as this Court may deem appropriate.

Respectfully submitted, this 28th day of January, 2025.

                                                                          */s/ Charles James*
Charles James, II (ASB-5883-L75J)
Serious Injury Law Group, P.C.
2901 Zelda Road
Montgomery, Alabama 36106
Tel:   (334) 832-1001
Fax:  (334) 832-1002
Chuck@seriouslawyers.com

Bakari T. Sellers* (D.S.C. ID# 11099)
Mario A. Pacella* (D.S.C. ID# 7538)
Amy E. Willbanks* (D.S.C. ID# 13537)
Matthew B. Robins* (D.S.C. ID# 13313)
Strom Law Firm, LLC
6923 North Trenholm Road, Suite 200
Columbia, South Carolina 29206
Tel:   (803) 252-4800
Fax:  (803) 252-4801
bsellers@stromlaw.com
mpacella@stromlaw.com
awillbanks@stromlaw.com
mrobins@stromlaw.com

*Attorneys for Plaintiff*

*Pending admission Pro Hac Vice*